

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

FIRM and AFFILIATE OFFICES

FRAN M. JACOBS
DIRECT DIAL: +1 212 692 1060
PERSONAL FAX: +1 212 202 6413
E-MAIL: FMJacobs@duanemorris.com

www.duanemorris.com

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

ALLIANCES IN MEXICO
AND SRI LANKA

November 9, 2017

VIA ECF and BY HAND

Honorable Edgardo Ramos
United States District Judge for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: Kraft Food Group Brands LLC v. Bega Cheese Limited (1:17-cv-8104)(ER)

Dear Judge Ramos:

We are writing on behalf of respondent Bega Cheese Limited ("Bega") 1) in response to the November 7, 2017 letter of petitioner Kraft Food Group Brands LLC ("Kraft") and 2) in accordance with Rule 2(A)(ii) of Your Honor's Individual Rules to request a pre-motion conference in connection with Bega's proposed motion to dismiss Kraft's petition to compel arbitration (the "Petition"). The basis of the proposed motion is outlined below.

A. Background. On July 4, 2017, Bega acquired certain rights from Mondelez Global LLC ("Mondelez"), including certain trademark rights that Kraft had licensed to Mondelez pursuant to a Master Ownership and License Agreement Regarding Trademarks and Related Intellectual Property (the "Agreement"). Article VII of the Agreement establishes a three-step dispute resolution procedure which is "the exclusive means for resolution of any Dispute." (Ex. A to Declaration of Sabrina Hudson, dated October 18, 2017, the "Hudson Aff.," § 7.1.)

Step 1 of the dispute resolution process, which Kraft claims applies to disputes with Bega, requires that, following service of a "written notice of Dispute," "the parties will first attempt to resolve such Dispute by direct discussion and negotiation." If the direct discussions do not lead to resolution within 45 days, the parties move to Step 2 under which they are to "attempt to settle the dispute by mediation under the current Center for Public Resources/International Trademark Association ('CPR/INTA') Model Procedure of Mediation of Trademark and Unfair Competition Disputes. The Mediator will be selected from the CPR/INTA Panel of neutrals in accordance with its selection process." (Id., § 7.2.) If, the dispute is not resolved within 45 days of the mediation demand, Step 3 of the process applies and either party may demand arbitration. (Id., § 7.3(a).)

In this case, Kraft has not complied with Article VII of the Agreement. The Petition states

Honorable Edgardo Ramos  
November 9, 2017  
Page 2



that, "[b]y letter dated September 27, 2017, Kraft formally notified Bega of the . . . dispute, and further indicated that Kraft was initiating the dispute resolution process pursuant to Article VII of the Agreement . . . ." (Petition ¶ 20.) After sending its Notice of Dispute on September 27, Kraft did not attempt to resolve the dispute through informal discussion and negotiation, as required by § 7.2 of the Agreement. And, after skipping over Step 1 of the Agreement's dispute resolution procedure, Kraft also did not comply with Step 2. Although Kraft stated in its September 27, 2017 letter to Bega that "we propose that we attempt to resolve the dispute by mediation" and "will shortly advise you of our selection" (Ex. C to Hudson Aff.), it never identified a proposed mediator, and no mediation under CPR/INTA was ever scheduled. Because mediation was never scheduled to take place, Bega could not have failed and refused to participate in a mediation.

While Paragraph 21 of the Petition alleges that "[b]y letter dated October 5, 2017, Bega . . . expressly stated that it was unwilling to participate in mediation or arbitration or otherwise comply with the dispute resolution provisions of the Agreement," Bega's counsel's October 5 letter says nothing of the sort. Bega's counsel simply questioned whether Bega was bound by Kraft's Agreement with Mondelez, and asked why Bega would be subject to an earlier Notice of Dispute that Kraft purportedly gave to Mondelez. (Ex. D to Hudson Aff.) Instead of responding to Bega's counsel's inquiries or initiating the mediation process, Kraft went ahead and filed its Petition. Since Bega did not unequivocally refuse to participate in the dispute resolution process set forth in the Agreement – and is, in fact, willing to do so (without waiving any rights it may have to contest arbitrability) (see Ex. 1 hereto) – Kraft's Petition is improper and should be dismissed.

B. **The Petition Should Be Dismissed Because Kraft is Not Aggrieved by a Failure or Refusal to Arbitrate**. Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, authorizes "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." Where a petition to compel arbitration is filed, "the role of courts is limited to determining two issues: i) whether a valid agreement to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate." Jacobs v. USA Track & Field, 374 F.3d 85, 88 (2d Cir. 2004) (internal quotation marks omitted). In this case, Bega has not failed, neglected, or refused to arbitrate.

The Second Circuit held in Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 725 F.2d 192, 195 (2d Cir. 1984), that, since an order compelling arbitration is only "available to persons 'aggrieved by the . . . refusal of another to arbitrate under a written agreement for arbitration,'" "[u]nless Merrill Lynch commences litigation or is ordered to arbitrate this dispute by the Exchange and fails to do so, it is not in default of any arbitration agreement it may have with Downing. Absent such default, arbitration cannot be compelled under Section 4." (Emphasis added and ellipses in original.)

Similarly, in PaineWebber, Inc. v. Faragalli, 61 F.3d 1063, 1067 (3d Cir. 1995) – a case that the Second Circuit cited with approval in LAIF X SPRL v. Axtel, S.A. de C.V., 390 F.3d 194, 198 (2d Cir. 2004) – the court explained that "unless and until an adverse party has refused to arbitrate a dispute putatively governed by a contractual arbitration clause, no breach of contract has occurred,

DM1\8235070.1

no dispute over whether to arbitrate has arisen, and no harm has befallen the petitioner – hence, the petitioner cannot claim to be 'aggrieved' under the FAA." The court added, "it is doubtful that a petition to compel arbitration filed before the 'adverse' party has refused arbitration would present an Article III court with a justiciable case or controversy in the first instance." Id.

To establish a refusal to arbitrate, there must be a clear demand and an unambiguous refusal. For example, in AES Gener, S.A. v. Compania Carbones del Cesar, S.A., 2009 U.S. Dist. LEXIS 70820, *6 (S.D.N.Y. Aug. 12, 2009), the court denied a petition to compel arbitration because it found "the parties' correspondence contained neither a clear demand to arbitrate the dispute nor an unambiguous refusal." It explained that the petitioner's "December 1 Letter merely advised CCC that it would compel arbitration if the parties did not resolve their dispute. CCC has never refused to arbitrate. Nor has it commenced litigation or been ordered to arbitration." Id., *7. Accord SH Tankers Ltd. v. Koch Shipping Inc., 2012 U.S. Dist. LEXIS 85729, *9 (S.D.N.Y. June 19, 2012) ("KSI has not refused to arbitrate within the meaning of Section 4 – it neither commenced litigation in lieu of arbitration nor refused to comply with a Panel order to arbitrate"); N. Am. Tech. Servs. v. RAE Sys. Eur. APS, 2009 U.S. Dist. LEXIS 120765, *3-4 (D. Conn. Dec. 29, 2009) ("Typically, a party has refused to arbitrate by an unequivocal refusal to arbitrate, by commencing litigation on an arbitrable issue, or by refusing an order from a valid authority which directs the parties to arbitrate . . . . The failure of RAE to immediately agree to a request to arbitrate within one business day does not amount to a refusal to arbitrate"); Empresa Generadora de Electricidad ITABO, S.A. v. Corporacion Dominicana de Empresas Electricas Estatales, 2005 U.S. Dist. LEXIS 14712, *22 (S.D.N.Y. July 18, 2005) (petition to compel arbitration can be maintained "only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute") (internal quotation marks omitted).

Kraft did not make a clear demand to mediate, nor did Bega unambiguously and unequivocally refuse to comply with a CPR/INTA directive to appear for mediation. In fact, because no mediation was scheduled, there was nothing in which Bega could possibly have declined to participate. Bega has, moreover, indicated that it is willing to comply with the dispute resolution procedures in the Agreement. By filing its Petition without first seeking to negotiate with Bega or thereafter proposing a mediator, it is Kraft –not Bega – who failed to comply with the Agreement.

Because Kraft is not aggrieved by a refusal to comply with the terms of the Agreement, we submit that no relief is available under FAA § 4, and we therefore request permission to move to dismiss the Petition.

Respectfully,

*Fran M. Jacobs*

Fran M. Jacobs

Attachment
cc:   Paul Weiss (via ECF)

DM1\8235070.1



**BEGA CHEESE**
SINCE 1899

PO Box 123
Bega NSW 2550
Australia
Ph: +61-2-6491 7777
Fax: +61-2-6491 7700

General email enquiries:
bega.admin@begacheese.com.au

Export email enquiries:
bega.export@begacheese.com.au

Internet:
www.begacheese.com.au
www.bega.net.au

9 November 2017

Ms Sabrina Hudson
Assistant Secretary
Kraft Foods Group Brands LLC

By Email: sabrina.hudson@kraftheinz.com

Dear Ms Hudson

**Master Ownership and License Agreement Regarding Trademarks and Related Intellectual Property between Kraft Foods Group Brands LLC (Kraft Heinz) and Intercontinental Global Brands LLC (Mondelez) dated September 27, 2012 (Master Agreement)**

I refer to your letter dated 27 September 2017 to Mr Barry Irvin, the Executive Chairman of Bega Cheese Limited, and the subsequent letter dated 5 October 2017 to you from David Ferguson of Addisons (Addisons Letter).

Subsequent correspondence and documents relating to the Petition to Compel Mediation and Arbitration filed by Kraft Heinz with the United States District Court have stated that the Addisons Letter indicated that Bega Cheese is "unwilling to participate" in the dispute resolution process identified in Article VII of the Master Agreement (Dispute Resolution Process). This is not correct. Bega Cheese has never refused to participate in the Dispute Resolution Process. As you know, Bega Cheese is not a party to the Master Agreement and the Addisons Letter simply indicated that we were not aware of any basis on which Bega Cheese was bound by that Dispute Resolution Process.

Bega Cheese has had the opportunity to subsequently seek New York legal advice to clarify the position under New York law.

While reserving its rights, including the right to contest arbitrability, Bega Cheese is prepared to comply with the Dispute Resolution Process.

Yours faithfully

Brett Kelly
Company Secretary