PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
212 373 3215

WRITER'S DIRECT FACSIMILE
212 492.0215

WRITER'S DIRECT E-MAIL ADDRESS
lclayton@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86 10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899 0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
EDWARD T ACKERMAN
JACOB A ADLERSTEIN
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
SCOTT A BARSHAY
PAUL M BASTA
JOHN F BAUGHMAN
J STEVEN BAUGHMAN
LYNN B BAYARD
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
DAVID M BERNICK
JOSEPH J BIAL
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
GEOFFREY R CHEPIGA
ELLEN N CHING
WILLIAM A CLAREMAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
ROSS A FIELDSTON
BRAD J FINKELSTEIN
BRIAN P FINNEGAN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
ANDREW J FORMAN*
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J GONZALEZ*
CATHERINE L GOODALL
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
BRIAN S HERMANN
MICHELE HIRSHMAN
MICHAEL S HONG
DAVID S HUNTINGTON
AMRAN HUSSEIN
LORETTA A IPPOLITO
JAREN JANGHORBANI
BRIAN M JANSON
JEH C JOHNSON
MEREDITH J KANE

JONATHAN S KANTER
BRAD S KARP
PATRICK N KARSNITZ
JOHN C KENNEDY
BRIAN KIM
DAVID M KLEIN
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
GREGORY F LAUFER
BRIAN C LAVIN
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
ALVARO MEMBRILLERA
MARK F MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B O'BRIEN
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
VALERIE E RADWANER
CARL L REISNER
LORIN L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
CHARLES F "RICK" RULE*
RAPHAEL M RUSSO
ELIZABETH M SACKSTEDER
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
AUDRA J SOLOWAY
SCOTT M SONTAG
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C TARLOWE
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
LAWRENCE G WEE
THEODORE V WELLS JR
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JENNIFER H WU
BETTY YAP*
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
TAURIE M ZEITZER
T ROBERT ZOCHOWSKI JR

*NOT ADMITTED TO THE NEW YORK BAR

November 10, 2017

**By ECF and Hand Delivery**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   ***Kraft Foods Group Brands LLC* v. *Bega Cheese Ltd.*, No. 1:17-cv-08104 (S.D.N.Y.)**

Dear Judge Ramos:

   We write on behalf of Petitioner Kraft Foods Group Brands LLC ("Kraft") in response to yesterday's letter filed by counsel for Bega Cheese Limited ("Bega"), which seeks a pre-motion conference concerning a proposed motion to dismiss Kraft's Petition to Compel Mediation and Arbitration (the "Petition"). We respectfully submit that Bega's letter is yet another attempt to delay the dispute resolution process that Bega is obligated to engage in by the contract Bega purchased—an obligation that Bega does not deny. Bega's motive is clear: as noted below, even as Bega attempts to evade the dispute resolution process, it has embarked on an extensive advertising campaign in Australia that is causing irreparable injury to Kraft's intellectual property rights and

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Hon. Edgardo Ramos

makes unfair use of Kraft's trade dress. Because Bega now concedes that it is obligated to comply with the dispute resolution procedures, we respectfully submit that the Court should direct Bega to commit in writing to participate in mediation and arbitration in good faith, and that if Bega refuses to do so, the Court should schedule a hearing on the Petition as soon as possible.

Bega's letter does not deny that as the assignee of rights under the Master Ownership and License Agreement Regarding Trademarks and Related Intellectual Property (the "Agreement"), it also has assumed certain obligations under the Agreement, including the obligation to comply with its dispute resolution process. *See Tanbro Fabrics Corp.* v. *Deering Milliken, Inc.,* 35 A.D.2d 469, 471 (1st Dep't 1971) ("[T]he assignee of a contract acquires the rights of the assignor therein and assumes its obligations including an agreement to arbitrate."). And Bega presents no reason why the dispute resolution process should not commence forthwith. Instead, Bega attempts to delay this proceeding by focusing on three untenable propositions:

*First*, Bega argues that Kraft never notified Bega of its intention to mediate and arbitrate pursuant to the dispute resolution procedures of the Agreement. (Bega Ltr. at 2-3.) But in its letter dated September 27, 2017, Kraft expressly notified Bega that:

> *[W]e wish to move forward with the dispute resolution procedures under the Agreement.* Specifically, in accordance with Section 7.2 of the Agreement, we propose that we attempt to resolve the dispute by mediation.
>
> Please advise whether you have any preference in relation to the selection of possible mediators. We will shortly advise you of our selection. If the dispute is not resolved within 45 days, we reserve our right to commence arbitration proceedings against Bega under Section 7.3 of the Agreement.

(Ex. C to the Declaration of Sabrina Hudson (Doc. 3); emphasis added.) And when Bega refused to participate in dispute resolution—indeed, it sent a letter making the baseless claim that it was not bound by the relevant portions of the Agreement—Kraft was forced to file this action seeking to compel Bega to join the process. It is inconceivable that Bega was unaware of Kraft's intentions when it received our Petition, which specifically requests that Bega be compelled "*to participate in mediation and arbitration as required by the arbitration clause.*" (Petition at ¶ 5; emphasis added.)

*Second*, Bega claims that it never refused to comply with the Agreement's dispute resolution procedures. (Bega Ltr. at 2-3.) But in its October 5, 2017 response to Kraft's letter, Bega unequivocally declared that it "*is not aware of any basis on which it is required to comply with the dispute resolution provisions of that Agreement.*" (Ex. D to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Hon. Edgardo Ramos

Doc. 3; emphasis added.) That letter directly contradicts the representations Bega makes in yesterday's letter.

And, if Bega was willing all along to comply with the Agreement in good faith, why didn't its Australian or American representatives tell that to Kraft as soon as it received the Petition on October 21, 2017? A simple phone call would have sufficed. Instead of acting in good faith, Bega sat silent for nearly three weeks, and only now—when faced with the prospect of an expedited hearing on Kraft's Petition—does it write to claim that it had no idea that Kraft was seeking to mediate and arbitrate the dispute. Further, while Bega cites certain cases that it claims support the proposition that the notice provided by Kraft, and Bega's response thereto, are insufficient to warrant a petition to compel arbitration, none of those cases bears any resemblance to the facts here.[1]

*Third*, Bega maintains that it is entitled to move to dismiss the Petition. But "a petition to compel arbitration is a motion, not a pleading." *Nat'l Union Fire Ins. Co. of Pittsburg v. Beelman Truck Co.*, 203 F. Supp. 3d 312, 316 n.4 (S.D.N.Y. 2016). Accordingly, "Rule 12(b) does not apply to it." *Id.* Bega is free to oppose the Petition, it is not entitled to file a motion to dismiss. Its request for motion practice is, we submit, but simply another effort to delay.

The reason for Bega's delaying tactics is clear. During the pendency of the Petition, Bega has launched a new television and radio advertising campaign that seeks to mislead consumers and misappropriate the extensive goodwill in the KRAFT brand by, among other things, claiming that "KRAFT peanut butter is now Bega peanut butter." In aid of the dispute resolution process, as provided under Section 7.4 of the arbitration clause, Kraft has filed an application in the Federal Court of Australia that seeks to halt this advertising campaign. In that application, Kraft has informed the Australian court that there is an additional dispute concerning Bega's misuse of Kraft's trade dress and other intellectual property that is the subject of proceedings in this Court.

Any further delay of the resolution of this dispute is particularly unwarranted considering that Bega does not and cannot contest that the Agreement contains a valid arbitration clause with which it is obligated to comply, and that there is no rational basis for Bega to dispute that the claim at issue falls within the scope of the arbitration clause, which is broad and encompasses "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof." (Agreement § 7.1.)

---

[1] *See, e.g., Jacobs v. USA Track & Field*, 374 F.3d 85 (2d Cir. 2004) (petitioner filed petition to compel arbitration even though respondent had already agreed to arbitrate the dispute); *Empresa Generadora De Electricidad Itabo v. Corporacion Dominicana De Empresas Electricas Estatales*, No. 05 CIV 5004 RMB, 2005 WL 1705080 (S.D.N.Y. July 18, 2005) (plaintiff sought to compel arbitration even though defendant had "actively participated in the arbitration"); *N. Am. Tech. Servs., Inc. v. RAE Sys. Europe APS*, No. 3:09-CV-1199 CFD, 2009 WL 5217979, at *1 (D. Conn. Dec. 29, 2009) (after failing to reach respondent by phone, petitioner filed petition to compel arbitration on the same day without waiting for respondent to respond).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

Hon. Edgardo Ramos

 Given Bega's acknowledgment that it is bound by the Agreement's dispute resolution process, its professed willingness to comply with those procedures, and its repeated efforts to evade and delay mediation and arbitration, we respectfully request that the Court direct Bega to commit forthwith in writing that the specific dispute identified in in the Petition "aris[es] out of or relat[es] to [the] Agreement," that the dispute therefore is subject to the dispute resolution process in the Agreement, including mediation and (if mediation is unsuccessful) arbitration, and that Bega will immediately participate in good faith in that process.

 Unless and until Bega so agrees, we respectfully submit that the Court should proceed to act on Kraft's Petition as soon as possible.

        Respectfully submitted,

        Lewis R. Clayton

cc: Fran M. Jacobs, Esq. (via ECF)