UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRAFT FOODS GROUP BRANDS LLC,<br><br>              Petitioner,<br><br>    - against -<br><br>BEGA CHEESE LIMITED,<br><br>              Respondent. | 17 Civ. 08104(ER) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF PETITION TO COMPEL MEDIATION AND ARBITRATION**

Petitioner Kraft Foods Group Brands LLC ("Kraft") respectfully submits this reply memorandum of law in further support of its petition to compel respondent Bega Cheese Limited ("Bega") to participate in mediation and arbitration with Kraft as required by the license agreement between the parties.

**PRELIMINARY STATEMENT**

Bega's opposition further confirms why an order to compel arbitration is necessary here. Bega does not dispute that the parties are bound by a valid agreement to arbitrate, and that the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. Bega's inability to dispute those two fundamental points is all that is required for this Court to issue an order compelling Bega to arbitrate the dispute.

Rather than address the merits of Kraft's petition, Bega focuses its opposition on two baseless propositions:

*First*, Bega claims that Kraft is not an aggrieved party and thus lacks standing. This argument assumes that Bega has, in fact, agreed to mediate and arbitrate the dispute at issue. But it has not agreed to do so, as its opposition makes clear. While it is true that Bega has agreed to mediate, it has not agreed to arbitrate in the event that the mediation is unsuccessful. This distinction is critical, because the petition seeks an order compelling Bega to mediate <u>and</u> arbitrate (if mediation is unsuccessful). Absent an agreement from Bega as to the full relief sought by the petition, a justiciable controversy still exists and Kraft maintains standing.

*Second*, Bega argues that Kraft has failed to satisfy certain conditions precedent to arbitration and thus the petition is premature. But the Supreme Court has

1

made clear that any dispute as to whether the procedural conditions for arbitration have been satisfied is a question to be decided by the arbitrator and not by the court.

For these reasons, as discussed more fully below, Kraft requests that the Court enter an order compelling Bega to participate in mediation and arbitration as required by the parties' arbitration agreement.

## ARGUMENT

### I. BEGA DOES NOT DISPUTE THAT IT IS SUBJECT TO A VALID AGREEMENT TO ARBITRATE AND THAT THE DISPUTE IS WITHIN THE SCOPE OF THE AGREEMENT TO ARBITRATE

As Kraft demonstrated in its main brief, to prevail on its petition Kraft need only show that: (1) there exists a valid agreement to arbitrate between the parties; and (2) the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. (Main Br. at 10.) As long as those two conditions are met, the Federal Arbitration Act ("FAA") "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Here, Bega does not dispute that there exists a valid agreement to arbitrate under the contract in question, and that the dispute at issue falls within the scope of that arbitration clause. Accordingly, the Court need not address the arguments raised in Bega's opposition, and instead should direct Bega to participate in mediation and arbitration of the dispute as the arbitration agreement requires.

Even if the Court were inclined to address the arguments raised in Bega's opposition, those arguments—that Kraft purportedly lacks standing and that the petition is premature—are meritless and provide no basis to deny the relief sought by Kraft in its petition.

## II. KRAFT HAS STANDING TO MAINTAIN ITS PETITION BECAUSE BEGA HAS NOT AGREED TO ARBITRATE

Bega's standing argument rests on two false premises:

*First*, Bega suggests that it never refused to mediate and arbitrate. (Opp. at 6-10.) That is simply not true. Bega acknowledges that in a letter dated September 27, 2017, Kraft expressly notified Bega of its "wish to move forward with the dispute resolution procedures under the Agreement . . . , [s]pecifically, in accordance with Section 7.2 of the Agreement, . . . to resolve the dispute by mediation," and if not successful, "to commence arbitration proceedings against Bega under Section 7.3 of the Agreement." (Ex. C to the Declaration of Sabrina Hudson (Doc. 3).) And Bega acknowledges that in its October 5, 2017 response to Kraft's letter, Bega unequivocally declared that it "is not aware of any basis on which it is required to comply with the dispute resolution provisions of that Agreement." (Ex. D to Doc. 3.) These undisputed contemporaneous records make clear that as of the date that Kraft filed its petition, Bega had refused to mediate and arbitrate. Kraft therefore was an aggrieved party under the FAA and had standing to file its petition.

*Second*, Bega suggests that even if Kraft did have standing at the time it filed its petition, it lacks standing today because Bega has now agreed to comply with the dispute resolution process in the parties' arbitration agreement. (Opp. at 10.) But Bega's opposition contains a telling omission. While it is true that Bega has agreed to mediate, it has not agreed to arbitrate in the event that the mediation is unsuccessful. Indeed, its opposition papers are entirely devoid of any such agreement to arbitrate. This distinction is critical, because the petition seeks an order compelling Bega to mediate and (if mediation is unsuccessful) arbitrate. Absent an agreement from Bega as to the full relief

3

sought by the petition, a justiciable controversy still exists and Kraft maintains standing. *See, e.g., Cabala* v. *Crowley*, 736 F.3d 226, 230 (2d Cir. 2013) (a controversy still exists unless the parties resolve all points in dispute); *Bancroft & Masters, Inc.* v. *Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000) (finding defendant's "incomplete and qualified" offer did not moot the action).

Tellingly, Bega is unable to cite any authority for the proposition that a litigant is deprived of standing simply because its adversary agrees to some, but not all, of the relief sought. Indeed, the cases upon which Bega relies all involve situations in which a litigant lacked standing at the time it initiated the proceeding. That situation is not present here for the reasons discussed above. Moreover, the cases upon which Bega relies are all distinguishable from the facts here for numerous additional reasons.[1]

---

[1] *See Jacobs* v. *USA Track & Field*, 374 F.3d 85, 87 (2d Cir. 2004) (no refusal to arbitrate where petitioner and respondent agreed to arbitrate dispute and only disagreement was over the rules that would govern the arbitration); *Downing* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 725 F.2d 192, 195 (2d Cir. 1984) (finding no refusal to arbitrate where arbitration was governed by New York Stock Exchange ("NYSE") rules, which required NYSE to order arbitration, and NYSE had not done so); *PaineWebber, Inc.* v. *Faragalli*, 61 F.3d 1063, 1067 (3d Cir. 1995) (affirming lower court's grant of petition to compel arbitration and stating that "an express refusal to arbitrate a dispute following a demand for arbitration would undeniably start the clock running"); *Profeta* v. *Shandell, Blitz, Blitz & Ashley, LLP*, No. 15-CV-1054 (JPO), 2015 WL 7288651, at *1-3 (S.D.N.Y. Nov. 16, 2015) (addressing anticipatory repudiation of contract, not request to arbitrate); *SH Tankers Ltd.* v. *Koch Shipping Inc.*, No. 12 Civ. 00375(AJN), 2012 WL 2357314, at *4 (S.D.N.Y. June 19, 2012) (finding no refusal to arbitrate where parties had agreed to arbitrate and submitted dispute to an arbitral panel); *AES Gener, S.A.* v. *Compania Carbones del Cesar S.A.*, No. 08 Civ. 10407(WHP), 2009 WL 2474192, at *1 (S.D.N.Y. Aug. 12, 2009) (no refusal to arbitrate where petitioner filed petition to compel arbitration on same day it notified respondent that if the parties were unable to resolve the dispute within 14 days, the petitioner would proceed with arbitration); *N. Am. Tech. Servs., Inc.* v. *RAE Sys. Europe APS*, No. 3:09-cv-1199 (CFD), 2009 WL 5217979, at *1 (D. Conn. Dec. 29, 2009) (finding respondent had not refused to arbitrate where petitioner called respondent to request arbitration but failed to reach respondent, and on same day filed petition to compel arbitration); *Maskaev* v. *World Boxing Council*, No. 07 Civ. 3147(DAB), 2007 WL 2825728, at *3 (S.D.N.Y. Sept. 24, 2007) (finding no refusal to mediate or arbitrate where parties had "agreed to attempt to resolve the dispute without the need for mediation"); *Empresa Generadora De Electricidad Itabo* v. *Corporacion Dominicana De Empresas Electricas Estatales*

Here, in stark contrast to the cases cited by Bega, Bega expressly stated that it "is not a party to the Agreement" and that it "is not aware of any basis on which it is required to comply with the dispute resolution provisions of that Agreement." (Ex. D to Doc. 3.) In other words, Bega flat-out refused to mediate, arbitrate or otherwise comply with the dispute resolution provisions. Because Bega expressly refused to mediate and arbitrate prior to the filing of the petition, and still has not agreed to proceed to arbitration in the event that mediation fails, Kraft has standing to maintain its petition.

## III. THE PETITION IS NOT PREMATURE AND, IN ANY EVENT, THAT IS AN ISSUE FOR THE ARBITRATOR, NOT THE COURT, TO DECIDE

Equally meritless is Bega's suggestion that the petition is premature because Kraft purportedly failed to satisfy certain conditions precedent to arbitration. (Opp. at 11.) This argument appears to rest on an assumption that the Court is barred from considering a petition to compel arbitration if the petitioner has not yet satisfied all of the conditions precedent to arbitration as set forth in the arbitration agreement. But that is not the law.

To the contrary, the U.S. Supreme Court has made clear that the issue of whether a party has complied with such conditions precedent is to be resolved by the arbitrator, not the court, and that the presence of such issues in no way prevents the court from entering an order compelling arbitration. *See, e.g., Howsam v. Dean Witter*

---

*("CDEEE")*, No. 05 CIV 5004 RMB, 2005 WL 1705080, at *8 (S.D.N.Y. July 18, 2005) (finding no refusal to arbitrate where defendant "ha[d] participated in arbitration while, at the same time, challeng[ed] the scope of arbitrability in its answer to the ICC"); *Hartford Accident & Indem. Co. v. Equitas Reinsurance Ltd.*, 200 F. Supp. 2d 102, 110 (D. Conn. 2002) (denying motion to compel where defendants consisted of 231 reinsurers and plaintiff's complaint only addressed its *expected* refusal of "one or more" of the defendants to arbitrate); *Nico Constr. Co. v. Installux Co.*, No. 89 CIV. 7521 (CSH), 1989 WL 146779, at *2 (S.D.N.Y. Nov. 30, 1989) (where plaintiff filed a motion to prevent defendant from proceeding with a third-party complaint defendant filed in France and to compel arbitration, court summarily stated without explaining that there had been no refusal to arbitrate).

5

*Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (procedural questions stemming from the dispute, such as timeliness, are questions for the arbitrator); *BG Grp., PLC* v. *Republic of Argentina*, 134 S. Ct. 1198, 1207 (2014) (preconditions to arbitration, such as a requirement to first litigate claims in a local tribunal, are "procedural condition[s] precedent" that "determine[] *when* the contractual duty to arbitrate arises, not *whether* there is a contractual duty to arbitrate at all"); *John Wiley & Sons, Inc.* v. *Livingston*, 376 U.S. 543, 557 (1964) (affirming order compelling arbitration and finding that compliance with pre-arbitration grievance procedure, which included holding two conferences, was a matter for the arbitrator to decide); *see also Dialysis Access Ctr., LLC* v. *RMS Lifeline, Inc.*, 638 F.3d 367, 383 (1st Cir. 2011) (finding that issue of whether parties complied with dispute resolution clause which mandated "good faith negotiations prior to arbitration" was an issue for the arbitrator to resolve); *Lumbermens Mut. Cas. Co.* v. *Broadspire Mgmt. Servs., Inc.*, 623 F.3d 476, 481 (7th Cir. 2010) (dispute over adequacy of details in the mandatory pre-arbitration disagreement notice was a question for the arbitrator to address).

Not surprisingly, Bega is unable to cite a single case holding otherwise. In fact, the only case Bega cites for the proposition that the court should decide whether conditions precedent to arbitration have been met is *Howsam*, which expressly held that such "gateway procedural disputes," including the timeliness of the request for arbitration, are questions for the arbitrator—not the court—to decide. 537 U.S. at 85–86.

In any event, the facts here plainly demonstrate that—as discussed above—Kraft's petition was not premature. Bega unequivocally refused to mediate,

arbitrate or otherwise comply with the arbitration agreement. That refusal was all that was required for Kraft to initiate this proceeding.[2]

## CONCLUSION

For the foregoing reasons, and those set forth in its main brief, Kraft respectfully requests that this Court enter an order compelling Bega to participate in mediation and arbitration in the manner set forth in the parties' arbitration agreement.

Dated: New York, New York
December 11, 2017

>Respectfully submitted,
>
>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
>
>By: _____
>Lewis R. Clayton
>Darren W. Johnson
>
>1285 Avenue of the Americas
>New York, NY 10019-6064
>Telephone: 212-373-3000
>Fax: 212-757-3990
>lclayton@paulweiss.com
>djohnson@paulweiss.com
>
>*Attorneys for Petitioner Kraft Foods Group Brands LLC*

---

[2] Bega suggests that the issue of arbitrability is for the arbitrator to decide (Opp. at 12-13), but offers no explanation as to how that purported proposition has any bearing on the relief requested by Kraft in its petition. Bega does not argue, for example, that this Court lacks jurisdiction to grant the petition. Nor could it. Indeed, in each of the cases cited by Bega in support of the proposition that arbitrability is for the arbitrator to decide, the court either granted a petition to compel arbitration or denied a motion to stay arbitration. Here, too, the Court should grant the petition and compel Bega to arbitrate.